**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

**KEITH WHITE** **PETITIONER**

**VS.** **CAUSE NO.:** 3:24-cv-614-CWR-LGI

**LYNN FITCH, ATTORNEY GENERAL FOR THE STATE OF MISSISSIPPI; AND TYREE JONES, SHERIFF OF HINDS COUNTY, MISSISSIPPI, AND CUSTODIAN OF THE HINDS COUNTY DETENTION CENTER** **RESPONDENTS**

---

## PETITION FOR WRIT OF HABEAS CORPUS

---

THIS IS a petition for a writ of habeas corpus filed on behalf of Keith White ("Petitioner"), seeking relief to remedy his unlawful detention. Respondents are detaining the Petitioner pending a trial on certain charges pending against him. The Petitioner has fully cooperated with Respondents in their efforts to litigate said criminal action. The Petitioner is not a flight risk or a danger to the community. Prior to his detention, the Petitioner had reported and appeared on numerous occasions in the lower court when required to do so. His prolonged detention is not justified under the United States or Mississippi Constitutions.

The Petitioner was indicted for statutory rape, pursuant to Miss. Code Ann. § 97-3-65, on May 9, 2012. Subsequently, the Petitioner posted an appearance bond in the amount of $50,000 and was granted pretrial release in the Circuit Court of Hinds County, Mississippi.

Although the Petitioner was initially represented by Randolph Walker, said counsel has been disbarred from the practice of law. The Petitioner is currently represented by undersigned counsel, Robyn K. Teague, who filed an Entry of Appearance in the criminal proceeding, on August 14, 2024.

While being represented by Randolph Walker, the Petitioner was not informed or made aware of a Status Conference, scheduled for October 11, 2021, nor was he apprised of the status of the criminal proceedings. Thus, any failure of the Petitioner to attend or appear for a Status Conference was unintentional. At all times, the Petitioner was ready and willing to attend any Status Conference or other event requiring his appearance in the criminal action.

As a result of the Petitioner's failure to appear for a Status Conference on October 11, 2021, a Judgement Nisi and Scire Facias were entered by the lower court in the criminal proceedings, on October 12, 2021. The Petitioner was thereafter incarcerated and his appearance bond revoked. Since being incarcerated, the Petitioner has made repeated efforts to obtain an appearance bond, even filing a Petition for Writ of Habeas Corpus in the lower court. Despite these efforts, the Respondents have failed or refused to provide the Petitioner with a hearing as to his requests for bond and a writ of habeas corpus. Petitioner seeks an order from this Court declaring his continued and prolonged detention unlawful and ordering Respondents to release him from their custody.

## CUSTODY

1. The Petitioner is in the physical custody of the Respondent, Lynn Fitch, Attorney General for the State of Mississippi, and the Respondent, Tyree Jones, Sheriff of Hinds County, Mississippi, and caretaker of the Hinds County Detention Center. At the time of the filing of this petition, the Petitioner is detained at the Hinds County Detention Center, located in Raymond, Mississippi. The Petitioner is under the direct control of the Respondents and their agents.

## JURISDICTION

2. This action arises under the Constitution of the United States. This Court has jurisdiction under 28 U.S.C. §§ 2241-2254, and 28 U.S.C. § 1331. This Court may grant relief pursuant to 28 U.S.C. § 2241, *et seq.*, and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

3. Venue lies in the United States District Court for the Southern District of Mississippi, the judicial district in which the Respondents, Lynn Fitch and Tyree Jones reside, and where the Petitioner is detained.

## PARTIES

4. The Petitioner, Keith White, is a resident citizen of Hinds County, Mississippi.

5. The Respondent, Lynn Fitch, is the Attorney General for the State of Mississippi, and is a custodial and law enforcement official acting within the boundaries of the judicial district of the United States Court for the Southern District of Mississippi.

6. The Respondent, Tyree Jones, is the Sheriff of Hinds County, Mississippi, and acts as the caretaker of the Hinds County Detention Center, located in Raymond Mississippi. He is the Petitioner's immediate custodian and resides in the judicial district of the United States Court for the Southern District of Mississippi.

## INABILITY TO EXHAUST ADMINISTRATIVE REMEDIES

7. The Petitioner is unable to exhaust his administrative remedies in that the Respondents have failed or refused to provide him with a timely hearing on his Petition for Writ of Habeas filed in the lower court criminal action. This is in spite of the fact that habeas corpus matters are to be given highest priority. (See attached Exhibit "A" – Correspondence).

8. The Petitioner's only remedy is by way of this judicial action.

## STATEMENT OF FACTS

9. The Petitioner was indicted for statutory rape, pursuant to Miss. Code Ann. § 97-3-65, on May 9, 2012. Subsequently, the Petitioner posted an appearance bond in the amount of $50,000 and was granted pretrial release. (See attached Exhibit "B" – State Court pleadings/file).

10. The Petitioner was initially represented by Randolph Walker, who, upon information and belief, has been disbarred from the practice of law. The Petitioner is currently represented by undersigned counsel, Robyn K. Teague, who filed an Entry of Appearance in the criminal proceeding, on August 14, 2024.

11. While being represented by Randolph Walker, the Petitioner was not informed or made aware of a Status Conference, scheduled for October 11, 2021, nor was he apprised of the status of the criminal proceedings. Thus, any failure of the Petitioner to attend or appear for a Status Conference was unintentional. At all times, the Petitioner was ready and willing to attend any Status Conference or other event requiring his appearance in the State criminal action.

12. As a result of the Petitioner's failure to appear for a Status Conference on October 11, 2021, a Judgement Nisi and Scire Facias were entered by the Court in the criminal proceedings, on October 12, 2021. The Petitioner was thereafter incarcerated and his appearance bond revoked.

13. The Petitioner currently remains incarcerated in the Hinds County Detention Center, located in Raymond, Mississippi, with no bond until the trial of the pending criminal matter.

14. Despite repeated attempts to schedule a bond hearing to no avail, thereby denying the Petitioner an appearance bond, a Petition for Writ of Habeas Corpus was filed in the State court. Despite repeated attempts to schedule a hearing on the subject Petition for Writ of Habeas Corpus, the Respondents have failed or refused to provide the Petitioner with a timely hearing on the same, thereby denying the Petitioner an opportunity to be heard and otherwise an

appearance bond.

15. The Petitioner is currently in the custody of the Respondents, while being housed at the Hinds County Detention Center. The Petitioner's continued incarceration in the Hinds County Detention Center is in violation of the Constitutions and laws of the United States and the State of Mississippi.

16. The writ of habeas corpus, a challenge to the legal authority under which a person may be detained, is perhaps the most important writ known to law and, accordingly, is enshrined in Article I, § 9 of the United States Constitution. In addition, Article 3, § 21 of the Mississippi Constitution provides in relevant part that "the writ of habeas corpus shall not be suspended, unless when in the case of rebellion or invasion, the public safety may require it, nor ever without the authority of the legislature." Miss. Const. art. 3, § 21.

17. The United States Supreme Court in *Stack v. Boyle* held that all persons shall be afforded bail and that --

> **This traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction. (Citation omitted)....** The right to release before trial is conditioned upon the accused's giving adequate assurance that he will stand trial and submit to sentence if found guilty. (Citation omitted). Like the ancient practice of securing the oaths of responsible persons to stand as sureties for the accused, the modern practice of requiring a bail bond or the deposit of a sum of money subject to forfeiture serves as additional assurance of the presence of an accused. Bail set at a figure higher than an amount reasonably calculated to fulfill this purpose is "excessive" under the Eighth Amendment. (Citation omitted). Since the function of bail is limited, the fixing of bail for any individual defendant must be based upon standards relevant to the purpose of assuring the presence of that defendant....

*Stack v. Boyle*, 342 U.S. 1 (1951) (emphasis added). The right to bail is also supported by Article 3, § 29 of the Mississippi Constitution which dictates that "all persons shall, before conviction, be bailable by sufficient sureties…" Miss. Const. art. 3, § 29.

18. Pretrial detention and bail must also comport with Due Process principles. Due Process requires that statutes imposing pretrial detention serve a compelling governmental interest and do not impose punishment before adjudication of guilt. *Stack*, 342 U.S. at 4. Moreover, governmental action that deprives an individual of life, liberty, or property must be implemented in a fair, non-arbitrary manner. *See Mathews v. Eldridge*, 424 U.S. 319 (1976). The U.S. Constitution's Due Process guarantees are contained in the Fifth Amendment and the Fourteenth Amendment. U.S. Const. amends. V, XIV. Each clause provides that the government shall not deprive a person of "life, liberty, or property, without due process of law." *Id.*

19. Pursuant to Rule 8.2 of the Mississippi Rules of Criminal Procedure, any defendant charged with an offense bailable as a matter of right, shall be released prior to trial. Miss. R. Crim. P. 8.2. It is presumed that a defendant is entitled to be released on order to appear or on his own recognizance. *See Lee v. Lawson*, 375 So. 2d 1019 (1979). This presumption, however, does not extend to persons who are a substantial risk for non-appearance at trial. *Lawson*, 375 So. 2d at 1021. In determining whether there is substantial risk of non-appearance, a court may consider the following factors:

> (1) The length of Defendant's residence in the community;
>
> (2) Defendant's employment status and history and his financial condition;
>
> (3) Defendant's family ties and relationships;
>
> (4) Defendant's reputation, character, and mental condition;
>
> (5) Defendant's prior criminal record, including any record of prior release on recognizance or on bail;
>
> (6) The identity of responsible members of the community who would vouch for Defendant's reliability;
>
> (7) The nature of the offense charged and the apparent probability of conviction and the likely sentence, insofar as these factors are relevant to the risk of non-appearance; and

> (8) Any other factors indicating the defendant's ties to the community or bearing on the risk of willful failure to appear.

*Id.* at 1024.

20. The Petitioner asserts that he is not a risk for non-appearance at trial and, therefore, is entitled to pre-trial release on his own recognizance or with minimal monetary bail. As to the factors espoused in *Lawson*, the Petitioner has been a lifelong resident of Mississippi. Second, the Petitioner was, and continues to be, gainfully employed. Third, the Petitioner has multiple family members living in the Hinds County area. Fourth, the Petitioner has no known mental or physical infirmities and is known by many residents of Hinds County, Mississippi, to be a hard working and honest individual. Fifth, each and every member of the Petitioner's immediate family will vouch for the Petitioner's reliability. Finally, although the Petitioner is charged with the crime of statutory rape, the Petitioner is wholly innocent of such charge as will be shown at trial.

21. In that the Petitioner has been deprived or otherwise denied a reasonable bond, such represents in and of itself a continuing irreparable injury to Petitioner. *See United States v. Montalvo-Murillo*, 495 U.S. 711 (1990) (opining that "[I]t is well to remember the magnitude of the injury that pretrial detention inflicts and the departure that it marks from ordinary forms of constitutional governance"); *Dash v. Mitchell*, 356 F. Supp. 1292 (D. D.C. 1972) (stating that "[P]retrial detention inflicts irreparable injury on persons detained by subjecting them to incarceration without any compensation, even if the detention is subsequently held to have been wrongfully imposed")).

22. The Petitioner's continued detention is in violation of the prohibitions against indefinite and unsupported detention and the right to reasonable bail, and constitutes a violation of his Due Process Rights under the Fifth and Fourteenth Amendments to the United States Constitution, among other authorities.

23. This Court must exercise its habeas powers to remedy this violation by immediately

conducting a full evidentiary hearing, as well as conducting a bond hearing, and ordering that the Petitioner be released at the earliest possible opportunity on such terms and conditions as this Court deems just.

24. The Petitioner will remain incarcerated indefinitely, absent a reasonable appearance bond and/or an individual evidentiary and bond hearing, unless this Court intervenes. In that each day of continued detention without a reasonable bond or full bond hearing constitutes an irreparable injury to the Petitioner, he requests an expedited hearing on the subject Petition for Writ of Habeas Corpus.

## CLAIMS FOR RELIEF

### COUNT ONE
### CONSTITUTIONAL CLAIM

25. Petitioner alleges and incorporates by reference paragraphs 1 through 24 above.

26. Petitioners' detention violates his right to substantive and procedural Due Process guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

### COUNT TWO

If he prevails, Petitioner requests attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412.

## PRAYER FOR RELIEF

WHEREFORE, the Petitioner, Keith White, prays that this Court grant the following relief:

a. Assume jurisdiction over this matter;

b. Issue an order directing Respondents to show cause why the writ should not be granted;

c. Issue a writ of habeas corpus ordering Respondents to release the Petitioner on his own recognizance, a reasonable bond, or reasonable

conditions of supervision;

d. Award Petitioner reasonable costs and attorney's fees; and,

e. Grant any other relief which this Court deems just and proper.

DATED: October 7, 2024.

Respectfully submitted,

KEITH WHITE, Petitioner

BY: ______________________
ROBYN K. TEAGUE, Attorney for Petitioner

Robyn K. Teague (MSB #102180)
Teague & Associates
12 Marina Cove
Ridgeland, Mississippi 39157

**VERIFICATION OF COUNSEL**

I, Robyn K. Teague, hereby certify that I am familiar with the case of the named Petitioner, Keith White, and that the facts as stated above are true and correct to the best of my knowledge and belief.

______________________
Robyn K. Teague