# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**KEITH WHITE**                                                      **PETITIONER**

**v.**                          **CIVIL ACTION NO. 3:24-cv-614-CWR-LGI**

**LYNN FITCH, ATTORNEY GENERAL**
**for the STATE OF MISSISSIPPI,**
**TYREE JONES, SHERIFF OF HINDS COUNTY,**
**MISSISSIPPI and CUSTODIAN of the**
**HINDS COUNTY DETENTION CENTER**                        **RESPONDENTS**

---

## MOTION TO DISMISS

---

Respondents move this Court to dismiss Petitioner Keith White's counseled federal habeas petition filed under 28 U.S.C. § 2241.[1] In support, Respondents submit the following:

---

[1] Respondents file this Motion to Dismiss in accordance with this Court's Order to file a responsive pleading (Doc. 6) and Rules 4 and 5 Governing § 2254 Cases. *See also Reyes-Gonzalez v. Driver*, No. C-05-248, 2005 WL 1669830, at *2 (S.D. Tex. July 18, 2005) ("A district court may apply any or all the rules governing § 2254 habeas petitions to those cases filed pursuant to § 2241.") (other citations omitted). In compliance with this Court's Order, Respondents have attached to this Motion "court documents relevant to the disposition of this cause[.]" Doc. 6 at 2. Respondents also filed with this Court as a separate docket entry a copy of White's Hinds County Circuit Court files received from the Hinds County Circuit Court Clerk's Office and available via the Mississippi Electronic Courts System (MEC). Respondents thus reference White's Hinds County Circuit Court proceedings as the ECF document and page number(s), as well as "SCR" and appropriate designation. But Respondents are unable to file "full and complete transcripts of all proceedings in any state court of Mississippi arising from any charges that are responsible for [White]'s current detention" (Doc. 6 at 2) because White's MEC records and the Hinds County Circuit Court Clerk's Office both confirm that there are no filed transcripts on White's pending statutory rape charge or state habeas petition, as of the filing of this Motion. *See* Docs. 9-1, 9-2. Likewise, a search of the Mississippi Supreme Court's docket, as available on the court's official website, confirms that White has initiated no proceedings in that court related to his pending statutory rape case, as of the filing of this Motion. Respondents are unaware of any additional relevant recorded proceedings on White's pending charge that have not yet been transcribed.

## I. Introduction

On August 8, 2024, White was arrested via a judgement nisi and scire facias and booked into the Hinds County Detention Center. *See* Doc. 9-1 at 74–75, 89 (SCR, Cause No. 12-573 at 74–75, 89).[2] Two months after his arrest, White, through his current state court counsel of record Robyn Teague, filed his § 2241 federal habeas petition in this Court challenging his pretrial detention for his pending statutory rape charge in the Hinds County Circuit Court. Doc. 1.

White asserts that "[s]ince being incarcerated," he "has made repeated efforts to obtain an appearance bond, even filing a Petition for Writ of Habeas Corpus in the lower court." Doc. 1 at 2. White contends that "[d]espite these efforts, the Respondents have failed or refused to provide [White] with a hearing as to his requests for bond and a writ of habeas corpus." Doc. 1 at 2. White thus "seeks an order form this Court declaring his continued and prolonged detention unlawful and ordering Respondents to release him from their custody." Doc. 1 at 2. For relief, White requests that this Court conduct "a full evidentiary hearing," conduct "a bond hearing, and" order that White "be released at the earliest possible opportunity" "on his own recognizance, a reasonable bond, or reasonable conditions of supervision." Doc. 1 at 8–9.

As explained below, White's § 2241 petition challenging his pretrial detention is subject to dismissal for at least two reasons. First, White's requests that this Court "conduct a bond hearing" or order that a bond be set and White be released

---

[2] *See also* https://www.co.hinds.ms.us/pgs/apps/inmate/inmate_detail.asp?ID=7700048709 (last accessed Nov. 27, 2024).

are not cognizable for § 2241 relief, and the petition must be dismissed with prejudice. Second, White has not exhausted any bond claims in the state's highest court which, alternatively, warrants dismissal of his federal habeas petition without prejudice for failure to exhaust available state court remedies.

Finally, White has not shown that he is entitled to a federal evidentiary hearing on his bond claims. Thus, this Court should deny his request for an evidentiary hearing in this § 2241 proceeding.

## II. Procedural History

**Initial Arrest and Bond**. On October 6, 2011, a City of Jackson Municipal Judge issued a bench warrant for White's arrest for statutory rape. **Exhibit A**. White was arrested for the statutory rape on November 8, 2011. **Exhibit B**. On November 10, 2011, White posted an appearance bond in the amount of $50,000.00. Doc. 9-1 at 8–10 (SCR, Cause No. 12-573 at 8–10); *see also* Doc. 9-1 at 51 (confirming White's "indicat[ion] that he ha[d] been free on $50,000 bond since his arrest in 2011").

**Indictment for Statutory Rape**. In January 2012, a Hinds County grand jury indicted White for the statutory rape of a thirteen-year-old foster child in her apartment building on October 5, 2011. *See* Doc. 9-1 at 5 (SCR, Cause No. 12-573 at 5) (Indictment filed on May 9, 2012). A capias was issued on May 10, 2012, and returned as executed on May 22, 2012. Doc. 9-1 at 6–7 (SCR, Cause No. 12-573 at 6–7).

**Pending State Court Proceedings on Statutory Rape Charge**. On June 21, 2012, Randolph Walker entered an appearance as counsel for White and filed a motion for discovery. Doc. 9-1 at 13–19 (SCR, Cause No. 12-573 at 13–19). On July 6, 2012, the trial court entered an arraignment order on White's statutory rape charge. **Exhibit C**; *see* Doc. 9-1 at 21 (SCR, Cause No. 12-573 at 21). The trial court set the motions deadline on October 26, 2012, and trial on November 12, 2012. **Exhibit C**; *see* Doc. 9-1 at 21 (SCR, Cause No. 12-573 at 21).

On October 15, 2012, Walker filed a motion for continuance of White's November 12, 2012, citing "insufficient time to prepare for the trial of" "and to investigate" White's statutory rape charge, along with the pending motion for mental evaluation and treatment filed defense counsel on the same date as good cause for the defense requested continuance. Doc. 9-1 at 22, 25; *see* SCR, Cause No. 12-573 at 22, 25. On November 5, 2012, the trial court entered an order granting the defense's requested continuance and set White's case for March 11, 2013. **Exhibit D**; *see* Doc. 9-1 at 28 (SCR, Cause No. 12-573 at 28). The order contains a signature as being "prepared by" Walker, and "agreed" to by an assistant district attorney (ADA). **Exhibit D**; *see* Doc. 9-1 at 28 (SCR, Cause No. 12-573 at 28).

On February 19, 2013, the trial court entered an order authorizing payment of expenses to Scales Biological Laboratory for DNA testing of the victim's rape kit. Doc. 9-1 at 29–30 (SCR, Cause No. 12-573 at 29–30). On March 11, 2013, Walker filed a motion for continuance of White's March 11, 2013, "trial" date, citing the pending motion for mental evaluation and treatment and inadequate time to

prepare for trial as good cause for the defense requested continuance. Doc. 9-1 at 32 (SCR, Cause No. 12-573 at 32). On March 11, 2013, the trial court entered an order continuing White's case "until the next term of th[e c]ourt." **Exhibit E** (with a filing date of March 12, 2013); *see* Doc. 9-1 at 35 (SCR, Cause No. 12-573 at 35). The order contains an electronic signature as being "prepared by" Walker. **Exhibit E**; *see* Doc. 9-1 at 35 (SCR, Cause No. 12-573 at 35).

On the same date, the trial court entered an order directing White "to present himself for mental and psychological examination within thirty (30) days" and to provide a report to the court detailing White's competency for trial, "whether he is capable of distinguishing right from wrong and capable of assisting his counsel in his defense[,]" White's "degree of criminal responsibility[,]" and "[a]ny recommendation concerning disposition." **Exhibit F**; *see* Doc. 9-1 at 36–37 (SCR, Cause No. 12-573 at 36–37).

On May 31, 2013, Walker filed a letter with the trial court advising that "after considerable difficulty," the defense "located someone to provide the services listed in the Order." Doc. 9-1 at 40 (SCR, Cause No. 12-573 at 40) (identifying a therapist).

On June 11, 2013, the trial court entered an order continuing White's case from June 10, 2013, until August 3, 2013. **Exhibit G**; *see* Doc. 9-1 at 41 (SCR, Cause No. 12-573 at 41). The trial court explained that White's case "was set for trial on June 10, 2013 and the case of *State of Mississippi v. Derrick Course*

proceeded to trial, thus a crowded docket prevented the case from being tried." **Exhibit G**; *see* Doc. 9-1 at 41 (SCR, Cause No. 12-573 at 41).

On July 12, 2013, Walker filed a motion for continuance of White's "trial" date, citing White's ongoing evaluation with the therapist and the defense's position that "[i]t would be in the best interest of all parties that all action be suspended until a report is received from the therapist" as good cause for the defense requested continuance. Doc. 9-1 at 42 (SCR, Cause No. 12-573 at 42). On July 17, 2013, the trial court entered an order continuing White's case "on the Motion of Defendant until further Order of th[e c]ourt." **Exhibit H** (with a filing date of July 19, 2013); *see* Doc. 9-1 at 46 (SCR, Cause No. 12-573 at 46). The order contains a signature as being "prepared by" Walker and a signature for an ADA. **Exhibit H**; *see* Doc. 9-1 at 46 (SCR, Cause No. 12-573 at 46).

On July 26, 2016, Walker filed a motion for continuance of White's July 25, 2016, "trial" date, citing a conflict with defense counsel's trial of another case "in a different county" as good cause for the continuance. Doc. 9-1 at 47 (SCR, Cause No. 12-573 at 47). Walker also cited the defense's motion for a mental evaluation and treatment to allow counsel to "determine the proper defense to be offered at the trial" for the statutory rape. Doc. 9-1 at 47 (SCR, Cause No. 12-573 at 47). On July 26, 2016, the trial court entered an order continuing White's case "on the Motion of Defendant," citing defense counsel's conflict and "that a mental evaluation remain[ed] outstanding in this case." **Exhibit I** (with a filing date of July 27, 2016); *see* Doc. 9-1 at 51 (SCR, Cause No. 12-573 at 51). The trial court thus continued

White's case from July 25, 2016, until September 19, 2016. **Exhibit I**; *see* Doc. 9-1 at 51 (SCR, Cause No. 12-573 at 51).

On October 17, 2016, Walker filed a motion to withdraw the request for mental evaluation and treatment. Doc. 9-1 at 52 (explaining that "[White] was evaluated by a psychologist [on] September 20, 2016," and attaching "[a] copy of the evaluation report" "as Exhibit 'A'") (SCR, Cause No. 12-573 at 52).

On May 25, 2017, the trial court entered an order continuing White's case from May 8, 2017, until July 24, 2017. **Exhibit J** (with a filing date of May 26, 2017); *see* Doc. 9-1 at 58; SCR, Cause No. 12-573 at 58. The trial court explained that White's case "was set for trial during the week of May 8, 2017 and the case of *State of Mississippi v. Rodrick Taylor* proceeded to trial, thus a crowded docket prevented the case from being tried." **Exhibit J**; *see* Doc. 9-1 at 58 (SCR, Cause No. 12-573 at 58).

On July 28, 2017, the trial court entered an order continuing White's trial from July 24, 2017, until September 5, 2017. **Exhibit K**; *see* Doc. 9-1 at 59 (SCR, Cause No. 12-573 at 59). The trial court explained that White's case "was set for trial during the week of July 24, 2017 and the case of *State of Mississippi v. Christopher Butler* proceeded to trial, thus a crowded docket prevented the case from being tried." **Exhibit K**; *see* Doc. 9-1 at 59 (SCR, Cause No. 12-573 at 59).

On September 5, 2017, the trial court entered an agreed continuance order, citing "awaiting DNA test results" as the good cause for the continuance. **Exhibit L** (with a filing date of September 6, 2017); *see* Doc. 9-1 at 60 (SCR, Cause No. 12-573

at 60). The trial court thus continued White's case from September 5, 2017, until November 6, 2017. **Exhibit L**; *see* Doc. 9-1 at 60 (SCR, Cause No. 12-573 at 60). The agreed order contains signatures for Walker and an ADA. **Exhibit L**; *see* Doc. 9-1 at 60 (SCR, Cause No. 12-573 at 60).

On October 29, 2019, the trial court entered an order resetting White's "trial and plea date," explaining that White's case "was previously set for trial and the case was continued by the court." **Exhibit M** (with a filing date of October 30, 2019); *see* Doc. 9-1 at 61 (SCR, Cause No. 12-573 at 61). The trial court thus continued White's "trial" to March 2, 2020, and "reassigned" White "a new plea by date of January 31, 2020." **Exhibit M**; *see* Doc. 9-1 at 61 (SCR, Cause No. 12-573 at 61). The trial court's October 2019 order confirms that White's criminal case was reassigned from Judge Weill to Judge Wooten.

The Scales Biological Laboratory Supplemental DNA Report dated March 12, 2020, states that "[s]emen was identified on the [victim's] vaginal swabs." **Exhibit N**. As to Keith White, the Supplemental DNA Report states:

> A partial Y STR DNA profile (16 out of 17 loci) was obtained from the sperm fraction of the vaginal swabs. Keith White cannot be excluded as the source of th[e] partial Y STR DNA profile. In addition, all his patrilineal related male relatives and an unknown number of unrelated males cannot be excluded as potential sources of this partial Y STR DNA profile which has a frequency of 1 in 82,000 males. *Approximately 99.999% of the male population can be excluded as being the source of this partial Y STR DNA profile.*

**Exhibit N** (emphasis added).

On March 17, 2020, the trial court entered an order resetting White's "trial and plea date," explaining that White's case "was previously set for trial during the week of March 2, 2020, and the case was continued by the court." **Exhibit O** (with a filing date of March 18, 2020); *see* Doc. 9-1 at 62 (SCR, Cause No. 12-573 at 62). The trial court thus continued White's trial to May 4, 2020, and "reassigned" White "a new plea by date of April 27, 2020." **Exhibit O**; *see* Doc. 9-1 at 62 (SCR, Cause No. 12-573 at 62). The trial court further ordered "that any motions concerning this matter shall be set for hearing on April 13, 2020" and that White "shall appear in [c]ourt with [counsel] on April 20, 2020" "to advise the [c]ourt if [he] w[ould] enter a plea or proceed to trial." **Exhibit O**; *see* Doc. 9-1 at 62 (SCR, Cause No. 12-573 at 62). The trial court further ordered that "[i]f [White] ha[d] completed the necessary paperwork, the [c]ourt w[ould] entertain the acceptance of a plea on April 20, 2020." **Exhibit O**; *see* Doc. 9-1 at 62 (SCR, Cause No. 12-573 at 62). "Otherwise, [White] w[ould] have to appear for the final plea by date/status hearing on April 27, 2020." **Exhibit O**; *see* Doc. 9-1 at 62 (SCR, Cause No. 12-573 at 62).[3]

On May 22, 2020, the trial court entered an order resetting White's "trial and plea date," explaining that White's case "was previously set for trial during the week of May 4, 2020, and the case was continued by the court." **Exhibit P** (with a filing date of June 1, 2020); *see* Doc. 9-1 at 63 (SCR, Cause No. 12-573 at 63). The trial court thus continued White's "trial" to July 6, 2020, and "reassigned" White "a

---

[3] Respondents note that the COVID-19 pandemic was first detected in Mississippi in March 2020 and impacted court terms and settings during its peak. *See Young v. Mississippi*, Cause No. 3:20-CV-736-TSL-RPM, 2021 WL 419064, at *4 (N.D. Miss. Aug. 6, 2021) (noting the date the first case of Covid-19 was detected in Mississippi on March 11, 2020).

new plea by date of June 24, 2020." **Exhibit P**; *see* Doc. 9-1 at 63 (SCR, Cause No. 12-573 at 63). The trial court further ordered "that any motions concerning this matter shall be set for hearing on June 17, 2020 or June 18, 2020" and that White "shall appear in [c]ourt with [counsel] on June 24, 2020" "to advise the [c]ourt if [he] w[ould] enter a plea or proceed to trial." **Exhibit P**; *see* Doc. 9-1 at 63 (SCR, Cause No. 12-573 at 63).

On August 6, 2020, the trial court entered an order resetting White's trial, explaining that the case "was set for trial during the week of July 6, 2020, and the case was continued by the [c]ourt." **Exhibit Q**; *see* Doc. 9-1 at 64 (SCR, Cause No. 12-573 at 64). The trial court thus continued White's "trial" to September 7, 2020. **Exhibit Q**; *see* Doc. 9-1 at 64 (SCR, Cause No. 12-573 at 64). The trial court ordered that "[p]ursuant to the [c]ourt's updated policy regarding pleas and plea by dates, [White] may open plea before the [c]ourt." **Exhibit Q**; *see* Doc. 9-1 at 64 (SCR, Cause No. 12-573 at 64). The trial court further ordered that, if White "intend[ed] to proceed with an open plea," his counsel must advise the court "no later than Monday, August 24, 2020 to be placed on a docket during the week of August 31." **Exhibit Q**; *see* Doc. 9-1 at 64 (SCR, Cause No. 12-573 at 64). On August 13, 2020, the trial court entered an amended order continuing White's trial to September 8, 2020, instead of September 7, 2020. **Exhibit R**; *see* Doc. 9-1 at 64 (SCR, Cause No. 12-573 at 65).

On September 18, 2020, the trial court entered an order resetting White's trial, explaining that the case "was set for trial during the week of September 8, 2020, and the case was continued by the [c]ourt." **Exhibit S** (with a filing date of September 21, 2020); *see* Doc. 9-1 at 66 (SCR, Cause No. 12-573 at 66). The trial court thus continued White's "trial" to November 2, 2020. **Exhibit S**; *see* Doc. 9-1 at 66 (SCR, Cause No. 12-573 at 66). The trial court ordered that "[p]ursuant to the [c]ourt's updated policy regarding pleas and plea by dates, [White] may open plea before the [c]ourt." **Exhibit S**; *see* Doc. 9-1 at 66 (SCR, Cause No. 12-573 at 66). The trial court further ordered that, if White "intend[ed] to proceed with an open plea," his counsel must advise the court "no later than Friday, October 23, 2020 to be placed on a docket for Monday, October 26, 2020[.]" **Exhibit S**; *see* Doc. 9-1 at 66 (SCR, Cause No. 12-573 at 66).

On November 23, 2020, the trial court entered an order resetting White's trial, explaining that the case "was set for trial during the week of November 2, 2020, and the case was continued by the [c]ourt." **Exhibit T**; *see* Doc. 9-1 at 67 (SCR, Cause No. 12-573 at 67). The trial court thus continued White's "trial" to January 4, 2021. **Exhibit T**; *see* Doc. 9-1 at 67 (SCR, Cause No. 12-573 at 67). The trial court ordered that "[p]ursuant to the [c]ourt's updated policy regarding pleas and plea by dates, [White] may open plea before the [c]ourt." **Exhibit T**; *see* Doc. 9-1 at 67 (SCR, Cause No. 12-573 at 67). The trial court further ordered that, if White "intend[ed] to proceed with an open plea," his counsel must advise the court "so this

matter may be added to a future plea docket." **Exhibit T**; *see* Doc. 9-1 at 67 (SCR, Cause No. 12-573 at 67).

On January 8, 2021, the trial court entered an order resetting White's trial, explaining that the case "was set for trial during the week of January 4, 2021, and the case was continued by the [c]ourt." **Exhibit U** (with a filing date of January 12, 2021); *see* Doc. 9-1 at 68 (SCR, Cause No. 12-573 at 68). The trial court thus continued White's "trial" to March 1, 2021. **Exhibit U**; *see* Doc. 9-1 at 68 (SCR, Cause No. 12-573 at 68). The trial court ordered that "[b]oth the State and [White]'s attorney shall appear in [c]ourt to present the status of this case to the [c]ourt" at a status hearing on February 1, 2021. **Exhibit U**; *see* Doc. 9-1 at 68 (SCR, Cause No. 12-573 at 68). The trial court also ordered that defense counsel must advise the court by February 8, 2021, "whether [White] w[ould] accept the State's plea offer and recommendation." **Exhibit U**; *see* Doc. 9-1 at 68 (SCR, Cause No. 12-573 at 68). Further, the trial court ordered, if counsel "fail[ed] to advise the [c]ourt of [White]'s intentions, then the only means of resolution shall be through an open plea or a trial on the merits." **Exhibit U**; *see* Doc. 9-1 at 68 (SCR, Cause No. 12-573 at 68). Finally, the trial court ordered that defense counsel must advise the court by email by February 15, 2021, "if [White] desire[d] to enter an open plea." **Exhibit U**; *see* Doc. 9-1 at 68 (SCR, Cause No. 12-573 at 68).

On February 11, 2021, the State filed its list of subpoenas. Doc. 9-1 at 69 (SCR, Cause No. 12-573 at 69).

On March 4, 2021, the trial court entered an order resetting White's trial, explaining that the case "was set for trial during the week of March 1, 2021, and the case was continued by the [c]ourt." **Exhibit V** (with a filing date of March 5, 2021); *see* Doc. 9-1 at 70 (SCR, Cause No. 12-573 at 70). The trial court thus continued White's "trial" to May 3, 2021. **Exhibit V**; *see* Doc. 9-1 at 70 (SCR, Cause No. 12-573 at 70). The trial court ordered that "[b]oth the State and [White]'s attorney shall appear in [c]ourt to present the status of this case to the [c]ourt" during a status hearing on April 5, 2021, where the court would entertain any outstanding motions and that White "shall be required to appear in person at the status hearing. **Exhibit V**; *see* Doc. 9-1 at 70 (SCR, Cause No. 12-573 at 70). The trial court further ordered that defense counsel must advise the court by email by April 12, 2021 "whether [White] w[ould] accept the State's plea offer and recommendation." **Exhibit V**; *see* Doc. 9-1 at 70 (SCR, Cause No. 12-573 at 70). Further, if counsel "fail[ed] to advise the [c]ourt of [White]'s intentions, then the only means of resolution shall be through an open plea or a trial on the merits." **Exhibit V**; *see* Doc. 9-1 at 70 (SCR, Cause No. 12-573 at 70). Finally, the trial court ordered that defense counsel must advise the court by email by April 19, 2021, "if [White] desire[d] to enter an open plea." **Exhibit V**; *see* Doc. 9-1 at 70 (SCR, Cause No. 12-573 at 70).

On May 10, 2021, the trial court entered an order resetting White's trial, explaining that the case "was set for trial during the week of May 3, 2021, and the case was continued by the [c]ourt." **Exhibit W** (with a filing date of May 17, 2021);

*see* Doc. 9-1 at 71 (SCR, Cause No. 12-573 at 71). The trial court thus continued White's trial to July 6, 2021. **Exhibit W**; *see* Doc. 9-1 at 71 (SCR, Cause No. 12-573 at 71). The trial court ordered that "[b]oth the State and [White]'s attorney shall appear in [c]ourt to present the status of this case to the [c]ourt" during a status hearing on June 7, 2021, where the court would entertain any outstanding motions and that White "shall be required to appear in person at the status hearing." **Exhibit W**; *see* Doc. 9-1 at 71 (SCR, Cause No. 12-573 at 71). The trial court further ordered that defense counsel must advise the court by email by June 14, 2021 "whether [White] w[ould] accept the State's plea offer and recommendation." **Exhibit W**; *see* Doc. 9-1 at 71 (SCR, Cause No. 12-573 at 71). Further, if counsel "fail[ed] to advise the [c]ourt of [White]'s intentions, then the only means of resolution shall be through an open plea or a trial on the merits." **Exhibit W**; *see* Doc. 9-1 at 71 (SCR, Cause No. 12-573 at 71). Finally, the trial court ordered that defense counsel must advise the court by email by June 21, 2021, "if [White] desire[d] to enter an open plea." **Exhibit W**; *see* Doc. 9-1 at 71 (SCR, Cause No. 12-573 at 71).

On July 28, 2021, the trial court entered an order resetting White's trial, explaining that the case "was set for trial during the week of July 6, 2021, and the case was continued by the [c]ourt." **Exhibit X**; *see* Doc. 9-1 at 72 (SCR, Cause No. 12-573 at 72). The trial court thus continued White's case to September 27, 2021. **Exhibit X**; *see* Doc. 9-1 at 72 (SCR, Cause No. 12-573 at 72). The trial court ordered that counsel of record for the State, counsel of record for the defense, and White

"shall personally appear to present the status of this case to the [c]ourt" during a status hearing on August 30, 2021, where the court would entertain any outstanding motions. **Exhibit X**; *see* Doc. 9-1 at 72 (SCR, Cause No. 12-573 at 72). The trial court further ordered that defense counsel must advise the court by email by September 7, 2021 "whether [White] w[ould] accept any sentencing recommendation offered by the State." **Exhibit X**; *see* Doc. 9-1 at 72 (SCR, Cause No. 12-573 at 72). Further, "[i]f the offered sentencing recommendation [wa]s not accepted, the [c]ourt w[ould] proceed with the acceptance of an open plea prior to trial or a trial on the merits." **Exhibit X**; *see* Doc. 9-1 at 72 (SCR, Cause No. 12-573 at 72). The trial court also ordered that defense counsel must advise the court by email by September 14, 2021, "if [White] desire[d] to enter an open plea[.]" **Exhibit X**; *see* Doc. 9-1 at 72 (SCR, Cause No. 12-573 at 72). Finally, the trial court ordered that it would entertain all pretrial motions on September 17, 2021, and that "[t]he failure of either the State or the Defense to bring any and all pre-trial motions on September 17th w[ould] be deemed a waiver of motions by the [c]ourt." **Exhibit X**; *see* Doc. 9-1 at 72 (SCR, Cause No. 12-573 at 72).

On September 27, 2021, the trial court entered an order resetting White's trial, explaining that the case "was set for trial during the week of September 27, 2021, and the case was continued by the [c]ourt." **Exhibit Y** (with a filing date of September 28, 2021); *see* Doc. 9-1 at 73 (SCR, Cause No. 12-573 at 73). The trial court thus continued White's case to November 8, 2021. **Exhibit Y**; *see* Doc. 9-1 at 73 (SCR, Cause No. 12-573 at 73). The trial court further ordered that counsel of

record for the State, counsel of record for the defense, and White "shall personally appear to present the status of this case to the [c]ourt" during a status hearing on August 30, 2021, where the court would entertain any outstanding motions. **Exhibit Y**; *see* Doc. 9-1 at 73 (SCR, Cause No. 12-573 at 73). The trial court ordered that defense counsel must advise the court by email by October 18, 2021 "whether [White] w[ould] accept any sentencing recommendation offered by the State." **Exhibit Y**; *see* Doc. 9-1 at 73 (SCR, Cause No. 12-573 at 73). Further, "[i]f the offered sentencing recommendation [wa]s not accepted, the [c]ourt w[ould] proceed with the acceptance of an open plea prior to trial or a trial on the merits." **Exhibit Y**; *see* Doc. 9-1 at 73 (SCR, Cause No. 12-573 at 73). The trial court also ordered that defense counsel must advise the court by email by October 25, 2021, "if [White] desire[d] to enter an open plea[.]" **Exhibit Y**; *see* Doc. 9-1 at 73 (SCR, Cause No. 12-573 at 73). Finally, the trial court ordered that it would entertain all pretrial motions on October 29, 2021, and that "[t]he failure of either the State or the Defense to bring any and all pre-trial motions on October 29, 2021, will be deemed a waiver of motions by the [c]ourt." **Exhibit Y**; *see* Doc. 9-1 at 73 (SCR, Cause No. 12-573 at 73).

On October 12, 2021, Hinds County issued a "Scire Facias on Forfeited Recognizance" and "Judgement Nisi," asserting that White "failed t[o] appear in court for status on October 11, 2021." Doc. 9-1 at 74–75 (SCR, Cause No. 12-573 at 74–75).

On November 16, 2021, the trial court entered an order resetting White's trial, explaining that the case "was set for trial during the week of November 8, 2021, and the case was continued by the [c]ourt." **Exhibit Z**; *see* Doc. 9-1 at 76 (SCR, Cause No. 12-573 at 76). The trial court thus continued White's trial to January 10, 2022. **Exhibit Z**; *see* Doc. 9-1 at 76 (SCR, Cause No. 12-573 at 76). The trial court further ordered that counsel of record for the State, counsel of record for the defense, and White "shall personally appear to present the status of this case to the [c]ourt" during a status hearing on December 14, 2021, where the court would entertain any outstanding motions. **Exhibit Z**; *see* Doc. 9-1 at 76 (SCR, Cause No. 12-573 at 76). The trial court ordered that defense counsel must advise the court by email by December 21, 2021 "whether [White] will accept any sentencing recommendation offered by the State." **Exhibit Z**; *see* Doc. 9-1 at 76 (SCR, Cause No. 12-573 at 76). Further, "[i]f the offered sentencing recommendation [wa]s not accepted, the [c]ourt w[ould] proceed with the acceptance of an open plea prior to trial or a trial on the merits." **Exhibit Z**; *see* Doc. 9-1 at 76 (SCR, Cause No. 12-573 at 76). The trial court also ordered that defense counsel must advise the court by email by December 28, 2021, "if [White] desire[d] to enter an open plea[.]" **Exhibit Z**; *see* Doc. 9-1 at 76 (SCR, Cause No. 12-573 at 76). Finally, the trial court ordered that it would entertain all pretrial motions on January 4, 2022, and that "[t]he failure of either the State or the Defense to bring any and all pre-trial motions on January 4th w[ould] be deemed a waiver of motions by the [c]ourt." **Exhibit Z**; *see* Doc. 9-1 at 76 (SCR, Cause No. 12-573 at 76).

On July 26, 2022, the trial court entered an order resetting White's trial, explaining that the case "was set for trial during the week of July 25, 2022, and the case was continued by the [c]ourt." **Exhibit AA** (with a filing date of July 29, 2022); *see* Doc. 9-1 at 77 (SCR, Cause No. 12-573 at 77). The trial court thus continued White's trial to October 3, 2022. **Exhibit AA**; *see* Doc. 9-1 at 77 (SCR, Cause No. 12-573 at 77). The trial court further ordered that counsel of record for the State, counsel of record for the defense, and White "shall personally appear to present the status of this case to the [c]ourt" during a status hearing on September 8, 2022, where the court would entertain any outstanding motions. **Exhibit AA**; *see* Doc. 9-1 at 77 (SCR, Cause No. 12-573 at 77). The trial court ordered that defense counsel must advise the court by email by September 15, 2022 "whether [White] w[ould] accept any sentencing recommendation offered by the State." **Exhibit AA**; *see* Doc. 9-1 at 77 (SCR, Cause No. 12-573 at 77). Further, "[i]f the offered sentencing recommendation [wa]s not accepted, the [c]ourt w[ould] proceed with the acceptance of an open plea prior to trial or a trial on the merits." **Exhibit AA**; *see* Doc. 9-1 at 77 (SCR, Cause No. 12-573 at 77). The trial court also ordered that defense counsel must advise the court by email by September 15, 2022, "if [White] desire[d] to enter an open plea[.]" **Exhibit AA**; *see* Doc. 9-1 at 77 (SCR, Cause No. 12-573 at 77). Finally, the trial court ordered that it would entertain all pretrial motions on September 23, 2022, and that "[t]he failure of either the State or the Defense to bring any and all pre-trial motions on September 23, 2022 w[ould] be deemed a

waiver of motions by the [c]ourt." **Exhibit AA**; *see* Doc. 9-1 at 77 (SCR, Cause No. 12-573 at 77).

On September 22, 2022, the Mississippi Supreme Court appointed a special judge, Honorable Stephen B. Simpson, to temporarily assist with overcrowded dockets in the Hinds County Circuit Court following the "strain on the Hinds County courts caused or exacerbated by the COVID-19 pandemic[.]" Doc. 9-1 at 78–82 (SCR, Cause No. 12-573 at 11–14). White's statutory rape case was among those assigned to Judge Simpson. Doc. 9-1 at 81 (SCR, Cause No. 12-573 at 81).

On July 16, 2024, Judge Simpson entered an order setting White's case "for status" on August 13, 2024. **Exhibit BB** (with a filing date of July 31, 2024); *see* Doc. 9-1 at 83 (SCR, Cause No. 12-573 at 83). An ADA with the Hinds County District Attorney's Office confirmed to the undersigned that the August 13, 2024 status conference was canceled due to Judge Simpson's illness. *See* Doc. 1-1 at 4 (email attached by White confirming same).

On August 9, 2024, the bench warrant was designated as executed on White, and he was placed in custody. Doc. 9-1 at 89 (SCR, Cause No. 12-573 at 89). A copy of White's online Hinds County inmate detail report lists his arrest date as August 8, 2024.[4]

On August 14, 2024, Teague, White's federal habeas counsel in this proceeding, entered an appearance on behalf of White in the trial court. Doc. 9-1 at 84 (SCR, Cause No. 12-573 at 84). On the same date, counsel filed a "Motion for

---

[4] *See also* https://www.co.hinds.ms.us/pgs/apps/inmate/inmate_detail.asp?ID=7700048709 (last accessed Nov. 27, 2024).

Status Conference, Pretrial Release, and Reinstatement of Appearance Bond," requesting that the trial court "enter an Order scheduling a status conference" "on the earliest possible date." Doc. 9-1 at 86–87 (SCR, Cause No. 12-573 at 86–87). Counsel also requested that the court order White's "pretrial release and a reinstatement of an appearance bond in the amount of $50,000." Doc. 9-1 at 86–87 (SCR, Cause No. 12-573 at 86–87). That motion is pending, as of the filing of this Motion to Dismiss.

One month later, on September 13, 2024, counsel filed a "Petition for Writ of Habeas Corpus (Expedited Hearing Requested)" (state habeas petition) in the Hinds County Circuit Court and a summons to Hinds County Sheriff Tyree Jones. *See* Doc. 9-2 (SCR, Cause No. 24-657). Counsel asserted that "[d]espite attempts to schedule a bond hearing, [White] has been unable to obtain such a hearing and has not been afforded an appearance bond." Doc. 9-2 (SCR, Cause No. 24-657). Counsel thus requested that the trial court "[h]old an expedited hearing" and "[o]rder Respondent to provide a Constitutionally adequate evidentiary and bond hearing[.]" Doc. 9-2 (SCR, Cause No. 24-657). White's state habeas petition is pending, as of the filing of this Motion to Dismiss. *See* Doc. 9-2 (SCR, Cause No. 24-657).

White's counsel attaches to his federal habeas petition correspondence with Judge Wooten's and Judge Kidd's court administrators. *See* Doc. 1-1. An ADA confirmed to the undersigned that he has called and emailed Judge Simpson, the judge assigned to White's criminal case, to confirm a court date on White's

proceedings. But as of the filing of this Motion to Dismiss, the ADA is waiting for a response from Judge Simpson.[5]

**Federal Habeas Proceedings**. As stated above, two months after White was arrested via a judgement nisi and scire facias and booked into the Hinds County Detention Center on August 8, 2024, White, through his current state court counsel of record, filed his § 2241 federal habeas petition. Doc. 1. White challenges his pretrial detention for his pending statutory rape charge of a thirteen-year-old girl in the Hinds County Circuit Court. Doc. 1. White asserts that "[s]ince being incarcerated," he "has made repeated efforts to obtain an appearance bond, even filing a Petition for Writ of Habeas Corpus in the lower court." Doc. 1 at 2. White contends that "[d]espite these efforts, the Respondents have failed or refused to provide [White] with a hearing as to his requests for bond and a writ of habeas corpus." Doc. 1 at 2. White thus "seeks an order form this Court declaring his continued and prolonged detention unlawful and ordering Respondents to release him from their custody." Doc. 1 at 2. White asserts that his "continued detention is in violation of the prohibitions against indefinite and unsupported detention and the right to reasonable bail, and constitutes a violation of his Due Process Rights under the Fifth and Fourteenth Amendments to the United States Constitution, among other authorities." Doc. 1 at 7.

---

[5] Respondents will supplement this Motion to Dismiss as White's state court proceedings on his pending statutory rape charge progress to a trial or plea to keep this federal Court apprised of the most current status of those proceedings.

On the exhaustion issue, White alleges an "inability to exhaust administrative remedies" because "the Respondents have failed or refused to provide him a timely hearing on his [state habeas petition] filed in the lower court criminal action." Doc. 1 at 3.[6] White contends that "[t]his is in spite of the fact that habeas corpus matters are to be given highest priorities." Doc. 1 at 3 (citing correspondence with Judge Wooten's and Judge Kidd's court administrators attached to the federal habeas petition). White contends, incorrectly, that his "only remedy is by way of this judicial action." Doc. 1 at 3.

For relief, White requests that this Court conduct "a full evidentiary hearing," conduct "a bond hearing, and" order that White "be released at the earliest possible opportunity on such terms and conditions as this Court deems just." Doc. 1 at 8. White also asks that this Court "[i]ssue a writ of habeas corpus ordering Respondents to release [White] on his own recognizance, a reasonable bond, or reasonable conditions of supervision[,]" "[a]ward [White] reasonable costs and attorney's fees[,] and [g]rant any other relief which this Court deems just and proper." Doc. 1 at 8–9.

On November 4, 2024, this Court entered an Order directing Respondents to file a responsive pleading to White's federal habeas petition, within twenty days of service of the Order. Doc. 6; *see* Docket.

---

[6] Respondents note that the record confirms that White filed his state habeas petition in a *separate civil action. See* Doc. 9-2 (SCR, Cause No. 24-657).

III.    **Analysis**

In his petition, White requests relief that is not cognizable under § 2241 and asks that this Court order an evidentiary hearing on claims that are also unexhausted. Doc. 1. White's § 2241 petition is thus subject to dismissal for at least two reasons. Doc. 1.

First, to the extent that White requests that this Court "conduct a bond hearing" or order "a reasonable bond," that relief is not cognizable for § 2241 relief, and the petition must be dismissed with prejudice. Second, White has not exhausted any bond issues in the state's highest court which, alternatively, warrants dismissal of his federal habeas petition without prejudice for failure to exhaust available state court remedies.

Finally, White has not shown that he is entitled to a federal evidentiary hearing on his claims. Thus, this Court should deny his request for an evidentiary hearing in this § 2241 proceeding. As demonstrated below, this Court can easily decide White's petition on the record in this case.

A.     **§ 2241 Standard.**

White, as a pretrial detainee, has the right to seek federal habeas relief under 28 U.S.C. § 2241. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488–89 (1973). But the availability of § 2241 relief is not without limits. *Id.* A pretrial detainee may not derail "a pending state court proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 489.

**B.** **This Court should dismiss White's § 2241 petition with prejudice because his requested relief is not cognizable in this federal habeas proceeding.**

As stated above, White requests that this federal court "conduct a bond hearing" or order that a bond be set. Doc. 1. But this Court has specifically ruled that "to the extent that [a petitioner] asks this Court to hold a bond reduction hearing or direct the state court do so, 'federal courts are not empowered to order the state courts to make remedies available nor are they authorized to dictate the type of hearing which is to be conducted by the state courts.'" *Coleman v. Young*, 5:23CV90-DCB-LGI, 2024 WL 3506729, at *2 (S.D. Miss. June 28, 2024), *report and recommendation adopted*, 2024 WL 3504563 (S.D. Miss. July 22, 2024) (citing *Dixon v. Beto*, 472 F.2d 598, 599 (5th Cir. 1973); *Irby v. Sollie*, No. 3:14CV283-HTW-LRA, 2014 WL 1746854, at *3 (S.D. Miss. Apr. 30, 2014); *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981) (dismissing petitioner's request for equitable relief based on excessive bail); *Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004) (vacating and remanding the district court's conditional grant of habeas relief predicated upon state court holding a hearing or commuting sentence)) (footnotes omitted). Thus, this Court should dismiss White's petition with prejudice because his requested relief is not cognizable under § 2241, despite any lack of exhaustion, as discussed immediately below. *See id.*

**C.** **Alternatively, this Court should dismiss White's § 2241 petition without prejudice because he has failed to exhaust his available state court remedies on his claims.**

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a judicially crafted requirement of exhaustion of state court remedies applies to this

habeas action. *See Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987); *Braden*, 410 U.S. at 489–91. "The exhaustion doctrine of 28 U.S.C. § 2241(c)(3) was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Dickerson*, 816 F.2d at 225 (citing *Braden*, 410 U.S. at 490–91) (other citations omitted). "[F]ederal courts should abstain from the exercise of … jurisdiction if the issues raised in the petition may be resolved either by a trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225 (citing *Braden*, 410 U.S. at 489–92; *Ex parte Royall*, 117 U.S. 241, 250–54 (1886)) (other citations omitted).

"[E]xhaustion means that the very issue which forms the basis for relief in the federal courts has been raised in the state court." *Dickerson*, 816 F.2d at 228. White has not exhausted any of his claims to the state's highest court. A search of the Mississippi Supreme Court's docket, as available on the court's official website, confirms that White has initiated no proceedings in that court related to his pending statutory rape case, as of the filing of this Motion to Dismiss. The record thus confirms that White has not yet exhausted any bond issue. *See* Docs. 9-1, 9-2.[7]

The Fifth Circuit recognizes a futility exception to exhaustion, but White does not satisfy the requirements for that exception. *See, e.g., Ortega v. Stephens*, 784 F.3d 250, 251 n.1 (5th Cir. 2015) (citing *Fisher v. Texas*, 169 F.3d 295, 303 (5th Cir.

---

[7] *See* STATE OF MISS. JUDICIARY, https://courts.ms.gov/index.php (search "General Docket" by name) (last accessed November 27, 2024).

1999)) (noting that, even though petitioner failed to exhaust his state remedies as to his second judgment, his failure to do so would be excused as futile because the state court had already rejected the same claim challenging his first judgment). Despite White's claim that his "only remedy is by way of this judicial action" (Doc. 1 at 3), White has available forums to test the legality of his current detention and exhaust any constitutional claims in state court.

To be sure, his state court pleadings requesting pretrial release or bond are pending before the trial court, as of the filing of this Motion to Dismiss. *See* Doc. 9-1 at 86–87 (SCR, Cause No. 12-573 at 86–87) ("Motion for Status Conference, Pretrial Release, and Reinstatement of Appearance Bond," filed on August 14, 2024, requesting that the trial court "enter an Order scheduling a status conference" "on the earliest possible date," and that the trial court order White's "pretrial release and a reinstatement of an appearance bond in the amount of $50,000"); *see* Doc. 9-2 (SCR, Cause No. 24-657) (state habeas petition filed on September 13, 2024, requesting that the trial court "[h]old an expedited hearing" and "[o]rder Respondent to provide a Constitutionally adequate evidentiary and bond hearing"). Thus, White has not yet pursued his pending state court filings to a ruling in the trial court, as required under state law. *See* Miss. U. Cir. and Cty. Ct. R. 2.04. Further, the record confirms that White has not filed petitions for writ of mandamus to ask the Mississippi Supreme Court to direct the trial court to issue a ruling on his pending state court pleadings, as of the filing of this Motion to Dismiss. *See* n.7, *supra*.

Until such time as White pursues his claims to exhaustion in the state's highest court via his available state court remedies, White's federal habeas claims are unexhausted and subject to dismissal accordingly. *See Coleman*, 2024 WL 3506729, at *2 (citing *Hillie v. Webster*, No. 4:17CV184-DMB-RP, 2019 WL 1304256, at *4 (N.D. Miss. Jan. 4, 2019), *report and recommendation adopted*, No. 4:17-CV-184-DMB-RP, 2019 WL 1301969 (N.D. Miss. Mar. 21, 2019) (noting that petitioner did not seek a remedial writ under Miss. Code Ann. § 9-1-19 in the Mississippi appellate courts and finding that petitioner failed to exhaust his state court remedies)).

Additionally, Respondents note that White's attached email correspondence is between his counsel and Judge Wooten's and Judge Kidd's court administrators. *See* Doc. 1-1. But, as stated above, an ADA advised the undersigned that he has called and emailed Judge Simpson, who is assigned to White's criminal case, to confirm a court date on White's proceedings. The ADA is awaiting a response from Judge Simpson, as of the filing of this Motion to Dismiss. Thus, an ADA is also working to contact Judge Simpson directly on White's pending state court proceedings.

Respondents further note that even on a cognizable Eighth Amendment excessive bail claim, for federal habeas purposes, the exhaustion requirement must be met. *Schilb v. Kuebel*, 404 U.S. 357, 365 (1971) (the constitutional protection against excessive bail applies to the states through the Fourteenth Amendment); *United States v. Salerno*, 481 U.S. 739, 752 (1987) ("The Eighth Amendment

addresses pretrial release by providing merely that '[e]xcessive bail shall not be required.'"); *Salerno*, 481 U.S. at 752 ("This Clause, of course, says nothing about whether bail shall be available at all."); *see also Martin v. Johnson*, No. 1:06CV71-D-D, 2006 WL 717491, at *1 (N.D. Miss. Mar. 21, 2006) (citing *Jenkins v. Harvey*, 634 F.2d 130, 131–32 & n.2 (4th Cir. 1980) (requiring exhaustion of state court remedies prior to review of state bail orders and declining "to analyze whether or not th[e] court should use the rare remedy of intervening in state court bail matters" because petitioner's excessive-bail claim was clearly unexhausted)). "Although federal courts may review state bail orders through habeas corpus *after* exhaustion of state remedies, federal intervention in this discretionary determination is rare, and federal courts cannot [even] require that state courts give reasons for denial of bail." *Martin*, 2006 WL 717491, at *1 (emphasis added). "The determination of whether bail is excessive involves an assessment of whether the amount fixed is 'reasonably calculated' to assure the presence of the accused at trial." *Simon v. Woodson*, 454 F.2d 161, 164–65 (5th Cir. 1972). And "the only issue to be resolved by a federal court presented with a habeas corpus petition that complains of excessive bail is whether the state judge has acted arbitrarily in setting that bail." *Id.* at 165; *accord Parks v. Hubbard*, No. 1:15CV294-LG-RHW, 2015 WL 5640187, at *2 (S.D. Miss. Sept. 24, 2015).

Again, here, White does not allege a cognizable excessive bail claim. *See* Doc. 1. Instead, he asserts uncognizable requests that this federal Court "conduct a bond hearing" or order a reasonable bond. *See Coleman*, WL 3506729, at *2.

But White has not exhausted any of his claims to the state's highest court, as of the filing of this Motion to Dismiss.[8] As demonstrated above, White may resolve any of his perceived potential constitutional issues by procedures available to him in state court. Thus, even if this Court concludes that White's § 2241 petition states a cognizable claim for relief, White's failure to exhaust his claims in state court, alternatively, warrants dismissal of his petition without prejudice.

**D.    This Court should deny White's request for a federal evidentiary hearing.**

For relief, White also requests "a full evidentiary hearing." Doc. 1 at 7. But an evidentiary hearing is not warranted, and this Court should deny White's request.

It is well-established that the decision whether to conduct an evidentiary hearing is left to the sound discretion of the district court. *Schiro v. Landrigan*, 550 U.S. 465 (2007). An evidentiary hearing is not required, however, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief." *Id.* at 474; *see also Ortloff v. Fleming*, 88 F. App'x 715, 717 (5th Cir. 2004) (citing *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989)) (explaining that a hearing is not required "when the record is complete, or the petitioner raised only legal claims that can be resolved without the taking of additional evidence").

White is not entitled to an evidentiary hearing because he has not shown that there is a factual dispute which, if resolved in his favor, would entitle him to relief. *See Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994). Indeed, "when '[t]he

---

[8] *See* STATE OF MISS. JUDICIARY, https://courts.ms.gov/index.php (search "General Docket" by name) (last accessed Nov. 27, 2024).

district court ha[s] sufficient facts before it to make an informed decision on the merits of [the habeas petitioner's] claim' it does not abuse its discretion in failing to conduct an evidentiary hearing." *Barrientes v. Johnson*, 221 F.3d 741, 770 (5th Cir. 2000) (alteration in original) (citation omitted). Further, the Fifth Circuit has "repeatedly found that a paper hearing is sufficient to afford a petitioner a full and fair hearing on the factual issues underlying the petitioner's claims." *Clark v. Johnson*, 202 F.3d 760, 766 (5th Cir. 2000).

Finally, White has not shown that, under the narrow restrictions of 28 U.S.C. § 2254(e)(2), he is entitled to an evidentiary hearing, especially considering that his claims are unexhausted. *Guillory v. Cain*, 303 F.3d 647, 649–50 n.5 (5th Cir. 2002).

The filings here confirm that White's requested relief that this Court "conduct a bond hearing" or order that a bond be set in his § 2241 petition fails to state a claim for cognizable federal habeas relief, and his claims are, alternatively, unexhausted. The filings thus provide this Court with a sufficient "paper hearing" to consider the dispositive legal arguments. Accordingly, this Court has sufficient facts before it to dismiss White's § 2241 petition as argued in this Motion to Dismiss, and an evidentiary hearing is not warranted.

## IV. Conclusion

Respondents thus request that this Court dismiss White's § 2241 petition challenging his pretrial detention with prejudice for failure to state a cognizable claim for federal habeas relief or, alternatively, without prejudice for failure to exhaust available state court remedies, without an evidentiary hearing. Finally,

Respondents request that this Court deny White a certificate of appealability to appeal to the Fifth Circuit and dispense with the need to file a brief in support of this Motion because it is self-explanatory.

THIS, the 27th day of November, 2024.

<div style="margin-left:40%">

LYNN FITCH
Attorney General of Mississippi

BY: _/s/ Bridgette N. Grant_
BRIDGETTE N. GRANT
MS Bar No. 104548
Special Assistant Attorney General
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 220
Jackson, Mississippi 39205-0220
Telephone: 601.359.3680
Email: bridgette.grant@ago.ms.gov

_Counsel for Respondents_

</div>

## CERTIFICATE OF SERVICE

I, Bridgette N. Grant, certify that I have electronically filed this document with the Clerk of the Court using the ECF system, which sent notification to the following: United States Magistrate Judge LaKeysha Greer Isaac and counsel for petitioner.

THIS, the 27th day of November, 2024.

/s/ *Bridgette N. Grant*
BRIDGETTE N. GRANT

*Counsel for Respondents*